# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ORLANDO JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case number 4:13cv1407 TCM |
| | ) |
| OFFICERS JOHN DOES 1-6, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This pro se 42 U.S.C. § 1983 action is before the Court on two motions filed by plaintiff, Orlando Jones, requesting the appointment of counsel. [Docs. 3, 5]

Plaintiff alleges in his complaint that he was falsely arrested and beaten while handcuffed by six "John Doe" police officers or sheriff's deputies employed by Jefferson County, Missouri. Three named defendants – Edward Kemp; Chuck Banks; and Patrick Lamping – are Police Commissioners for Jefferson County and allegedly knew of the propensity of the "John Doe" defendants to commit bad acts, but deliberately failed to reprimand or supervise them. The policy of another defendant, Jefferson County, led to the violation of Plaintiff's civil rights. Another defendant, probation officer "Jane Doe," had him handcuffed and placed in the county jail for not reporting an arrest, which had never been made.

Defendants Lamping and Jefferson County have answered the complaint. Summons has been returned unexecuted on Kemp and Banks.

In both motions for appointment of counsel, Plaintiff avers that he is unable to pay a reasonable attorney fee due to his poverty and that, despite his diligent efforts to retain counsel, had been unable to do so.

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" **Davis v. Scott**, 94 F.3d 444, 447 (8th Cir. 1996) (quoting Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)). When deciding whether to grant a request for appointed counsel, the Court should consider "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." **Id.** Accord **Plummer v. Grimes**, 87 F.3d 1032, 1033 (8th Cir. 1996); **Swope v. Cameron**, 73 F.3d 850, 852 (8th Cir. 1996).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motions for the appointment of counsel are **DENIED** without prejudice. [Docs. 3, 5]

                                    /s/ Thomas C. Mummert, III
                                    THOMAS C. MUMMERT, III
                                    UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of November, 2013.